UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Deborah Diane Fletcher, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case: 1:16-cv-02104 (F-Deck) |
| v. | ) | Assigned To : Unassigned |
| | ) | Assign. Date : 10/21/2016 |
| HUD/Housing Authority *et al.*, | ) | Description: Pro Se Gen. Civil |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

Plaintiff has submitted a Complaint described as a suit for "a 230 Rent, Lease & Ejectment." Compl. at 1. She states that this "is the second time" she has brought this matter, *id.*, and refers to a prior case, which she states was "a win," *id.* at 5, but was actually dismissed for failure to state a claim. *See Fletcher v. Dep't of HUD*, Civ. No. 11-2033-UNA (D.D.C. Nov. 16, 2011). In that case, the Court also concluded that plaintiff had stated no basis for federal court jurisdiction. This action fares no better.

The instant complaint appears to arise from the same events alleged in the prior action, which began with plaintiff's allegedly taking a class in April 2011 in Miami, Florida, for first-time home buyers. Plaintiff appears to allege that when she arrived in the District of Columbia in July 2016, she applied for public housing--as she had done in Miami--but her applications

1

were denied. She concludes that "HUD is prejudice[d] toward the plaintiff because [she] file[d] two Fair Housing Act [cases] in Circuit Court in Miami last year, 2015, and the Judge stated, 'yes they got the complaint but nothing was done to it.'" Compl. at 4.

Plaintiff claims that she is owed $6 million, but the basis of her claim is simply indecipherable. In other words, the complaint "is patently insubstantial, presenting no federal question suitable for decision." *Caldwell v. Kagan*, 777 F. Supp. 2d 177, 178 (D.D.C. 2011) (quoting *Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) (internal quotation marks omitted)). A separate order of dismissal accompanies this Memorandum Opinion.

Date: October 13, 2016

United States District Judge